IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREESE & GOSS, PLLC, RICHARD A. FREESEE, and TIM K. GOSS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:17-CV-360-L** |
| SHEILA M. BOSSIER and BOSSIER & ASSOCIATES, PLLC, | § § § § § | |
| Defendants. | § § | |

## **ORDER**

Before the court are Defendants' Motion to Dismiss/Abstain or in the Alternative, Motion to Transfer Venue (Doc. 4), filed February 2, 2017; and Plaintiffs' Motion for Leave to File Sur-Reply to Defendants' Motion to Dismiss/Abstain or in the Alternative, Motion to Transfer Venue (Doc. 14), filed March 20, 2017. On May 23, 2017, United States Magistrate Judge David L. Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that Defendant's Motion to Dismiss/Abstain or in the Alternative, Motion to Transfer Venue be denied; and Plaintiffs' Motion for Leave to File Sur-Reply to Defendants' Motion to Dismiss/Abstain or in the Alternative, Motion to Transfer Venue be denied.

Defendants state that "given the [Report] and United States District Judge Daniel P. Jordan's ruling transferring the parallel proceeding from the Southern District of Mississippi to the Northern District of Texas, Dallas Division, they are swimming upstream insofar as they seek *de novo* relief." Defendants, however, proceed to make two objections.

**Order – Page 1**

First, Defendants object to the Report's finding that Plaintiffs' claims are appropriate for declaratory relief, as they contend that the magistrate judge did not properly acknowledge the scope of Plaintiffs' Declaratory Judgment Action. Defendants contend that the Report fails to adequately consider that Plaintiffs have raised Mississippi-based claims and that Plaintiffs' declaratory judgment action impermissibly seeks rulings concerning non-liability for past conduct. The court has carefully reviewed Defendants' first objection and determines that this argument was not raised by Defendants in their motion, brief, or reply related to their Motion to Dismiss/Abstain or in the Alternative, Motion to Transfer Venue. "[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) (citing C*upit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994)). Accordingly, Plaintiffs' response correctly points out that filing objections does not entitle Defendants to present new arguments that were not included in Defendants' brief or reply related to their Motion to Dismiss/Abstain or in the Alternative, Motion to Transfer Venue. The court, therefore, determines that Defendants' legal argument raised for the first time in their objection has been waived, and the objection will be overruled.

Second, Defendants object to the Report's finding that the *Trejo* Factors[1] do not favor dismissal of this action. Defendants object to the federalism, fairness, and efficiency factors

---

[1] In *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994), the court identified the following seven nonexclusive factors to consider in deciding whether to abstain from adjudicating a declaratory judgment action:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, . . . 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and . . . [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

(footnote and citation omitted). These seven factors are nonexclusive. *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 (5th Cir. 2003).

**Order – Page 2**

discussed on pages 7-16 of the Report. Defendants contend that the Report incorrectly determines that the presuit action[2] and Plaintiffs' complaint are similar, as the presuit action related to a narrow accounting and compensation dispute; whereas the complaint filed by Plaintiffs is more complex and related to actions that occurred in Mississippi. Plaintiffs counter that the Report did consider Defendants' argument that this action arose from acts that occurred in Mississippi; however, the Report determined that the witnesses and documents are overwhelmingly in Dallas, Texas. Additionally, Defendants contend that the Report should have considered Defendants' cross-claim in Mississippi state court in its analysis of the *Trejo* federalism factor. Plaintiffs counter that there is a recommendation by the Special Master in *Mitchell v. Freese & Goss, PLLC, et al.*, to allow Defendants to file a cross-claim; however, there is not an order to allow Defendants to file a cross-claim. Further, Plaintiffs contend that Defendants were dismissed with prejudice from the *Mitchell* case on June 8, 2017.

The court has conducted an independent review of the magistrate judge's discussion on pages 9-18 of the Report. The court determines that federalism, fairness, and efficiency factors do not favor dismissal of this action. Further, after review, the court agrees with the conclusion that the *Trejo* factors as a whole do not support dismissal. Moreover, insofar as Defendants' cross-claim argument relates to federalism, the court does not find merit in the argument because the cross-claim has not yet been filed, and Defendants have been dismissed with prejudice from the *Mitchell* case. Finally, the parallel proceeding that Defendants filed in the Southern District of Mississippi has now been transferred to the Northern District of Texas. Accordingly, the court

---

[2] The court notes that on October 26, 2016, Defendants filed a petition for presuit discovery in a Texas state court. The petition stated that Texas was the proper venue for the anticipated suit in Dallas County because a substantial portion of the acts or omissions occurred in Texas.

**Order – Page 3**

determines that the Report correctly weighed and applied the *Trejo* factors, and Defendants' objection will be overruled.

Having reviewed the motion, record, Report, applicable law, and conducting a *de novo* review of Defendants' objections, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Defendants' Motion to Dismiss/Abstain; **denies** Defendants' Motion to Transfer Venue; and **denies as moot** Plaintiffs' Motion for Leave to File Sur-Reply to Defendants' Motion to Dismiss/Abstain or in the Alternative, Motion to Transfer Venue.

**It is so ordered** this 18th day of August, 2017.

Sam A. Lindsay
United States District Judge